Cameron S. Reuber
Lauren B. Emerson
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: Reuber@leasonellis.com
Email: Emerson@leasonellis.com

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTERNATIONAL DIAMOND IMPORTERS, INC. d/b/a I.D.I. DESIGN and MEIRA T DESIGNS, *a New York corporation,*<br><br>                *Plaintiff*,<br><br>v.<br><br>BUVIN JEWELRY OF FLORIDA, INC. *a Florida corporation*, and DOES 1-10,<br><br>                *Defendants*. | Civil Action No.  1:20-cv-1753<br><br>ECF Case<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff International Diamond Importers, Inc. d/b/a I.D.I. Design and Meira T Designs ("IDI" or "Plaintiff"), by and through its undersigned counsel, alleges the following on personal knowledge as to its own conduct and on information and belief as to the conduct of Defendants Buvin Jewelry of Florida, Inc. ("Buvin") and Does 1-10.

## NATURE OF THIS ACTION

This is a civil action for (i) willful copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, and (ii) vicarious and/or contributory copyright infringement under federal common law. Plaintiff is the copyright owner of original works of art for use as jewelry designs.  Defendants use copies of Plaintiff's designs in connection with Defendants' promotion and sale of jewelry

products throughout the United States and such use constitutes an unauthorized reproduction, display, distribution, publication and utilization of the designs. Plaintiff seeks, *inter alia*, injunctive relief prohibiting further infringement of its rights to the designs, an award of damages compensating for the unauthorized use, and its legal costs awardable under 17 U.S.C. § 505.

## THE PARTIES

1. Plaintiff IDI is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 17 East 48th Street, Suite 401, New York, NY 10017.

2. Defendant Buvin is a limited liability company organized under the laws of Florida with a principal place of business at 36 N.E. First Street, Suite 21, Miami, Florida 33132.

3. Currently, the names and identities of Does 1-10 are unknown to Plaintiff. Plaintiff reasonably believes that Defendants have information in its possession, custody, and control that can be used to identify Does 1-10. Plaintiff reserves its rights to timely seek leave of the court to amend this pleading upon ascertaining the true names and identities of Does 1-10.

## JURISDICTION AND VENUE

4. This Complaint alleges causes of action under the U.S. Copyright Laws, Title 17 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as well as under Title 17 of the United State Code.

6. This Court has personal jurisdiction over Defendants because: (1) Defendants have committed, and continue to commit, acts of infringement in the Southern District of New York through solicitation of business, advertising and sale of products online, and on information and belief to retail stores located in this district; (2) Defendants have purposefully directed their infringing conduct toward New York residents, which caused and continues to cause harm to

Plaintiff (a New York corporation); and (3) Defendants purposefully directed their activities toward the Southern District of New York when they willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff's principal place of business is in this District.  Having availed itself of the privileges and protections of the laws of the State of New York in the course of conducting business with New York residents, this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant conducts business in this district and, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damage to Plaintiff in this District.

## FACTS COMMON TO ALL COUNTS

**Plaintiff and Its Well-Known Meira T Designs**

8. Plaintiff is the designer, manufacturer, distributor and retailer of certain widely-acclaimed and recognized modern jewelry designs, including its signature copyrighted fine jewelry designs ("Meira T Designs").

9. All Meira T Designs are comprised of the highest quality materials, such as gold, diamonds, and precious stones, and are manufactured by IDI's expert craftsmen, goldsmiths and artisans.

10. Plaintiff markets its products through its website, www.meiratdesigns.com, independent jewelry retailers and select upscale department stores worldwide, such as: Saks Fifth Avenue, Bloomingdales, and Nordstrom, among many others.

11. IDI also owns both registered and unregistered copyrights in and to the Meira T Designs, including, but not limited to, U.S. Copyright Registration Numbers: VAu 1-283-704, VA 1-862-202, VA 1-839-495, VA 1-900-720, VA 1-890-226, VA 1-874-009, VA 1-948-995,

VA 1-949-003, VA 1-890-224, VA 1-874-006, VA 1-949-004, VA 1-949-099, VA 1-949-093, VA 1-949-102 and VA 1-949-097 relating to its collections of Meira T Designs.

12. This civil action concerns Plaintiff's rights to the Meira T Designs registered as U.S. Copyright Reg. Nos. VA 1-949-003 ("the '003 Registration") and VAu 1-283-704 ("the '704 Registration") (collectively, the "Meira T Works"). True and correct copies of the certificates of registration for the '003 Registration and '704 Registration are attached hereto as **Exhibits A and B**, respectively.

13. IDI has gone to great lengths to protect its interests in and to the Meira T Works. Defendants are not authorized by IDI or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Meira T Works or any substantially similar jewelry designs.

**Defendant's Wrongful and Infringing Conduct**

14. In light of Plaintiff's enormous success with its Meira T Designs, inclusive of the Meira T Works, Plaintiff has become a target for unscrupulous jewelry marketers who seek to copy Plaintiff's jewelry designs without license or authorization.

15. Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendant Buvin's actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling jewelry designs to U.S. retailers, wholesalers and/or consumers (including those located in New York) that are substantially similar to Plaintiff's Meira T Works. In this case, Plaintiff identified at least four (4) unauthorized copies of the Meira T Works by Defendants (collectively hereinafter referred to as, "Infringing Products"). A side-by-side comparison of the Infringing Products with the Meira T Works is attached hereto as **Exhibit C**.

16. Upon information and belief, Defendant Buvin has supplied the Infringing Products to U.S. retailers, wholesalers and/or consumers whose identities are unknown to Plaintiff (hereinafter "Does 1-10").  Thereafter, Does 1-10 committed acts that violate Plaintiff's rights to the Meira T Works which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products to the public without Plaintiff's license or authorization.

17. Defendants, by commercializing the Infringing Products (including, but not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), have violated Plaintiff's exclusive rights in and to the Meira T Works in a manner that constitutes infringement of Plaintiff's intellectual property rights under U.S. law.

18. After Plaintiff became aware of Defendants' infringing actions, Plaintiff's counsel sent a cease and desist letter to Defendant Buvin.  Although Buvin initially responded to Plaintiff's counsel and its efforts to amicably resolve the dispute, Defendant Buvin has failed to meaningfully address Plaintiff's economic losses and/or otherwise make Plaintiff whole.

19. Prior to and contemporaneous with its unlawful actions alleged herein, Defendant Buvin had knowledge of Plaintiff and Plaintiff's ownership of its Meira T Works, inclusive of the fame and strength of the Meira T brand and the incalculable goodwill associated therewith.

20. Upon information and belief, Defendants have each committed the infringing acts complained of herein with a conscious disregard for Plaintiff's rights.  As such, through these actions, Defendants have, among other things, willfully infringed Plaintiff's rights in and to the Meira T Works in bad faith.  Such misconduct has caused and will continue to cause irreparable harm to Plaintiff unless otherwise enjoined.

21. Plaintiff has no adequate remedy at law.

**First Claim for Relief**
**Copyright Infringement under 17 U.S.C. § 101 *et seq.*** 

22. Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above.

23. Plaintiff has never dedicated its Meira T Works to the public.

24. At all times pertinent to this Complaint, Plaintiff has been, and still is, the owner of all right, title, and interest in and to the Meira T Works, including the copyrights therein. Plaintiff has never assigned, licensed, or otherwise transferred any of these rights, including its copyrights, to Defendants; nor has Plaintiff ever authorized Defendants to copy, distribute, or license the Meira T Works.

25. Defendants have directly, vicariously, and/or contributorily infringed Plaintiff's rights to the jewelry design protected by U.S. Copyright Registration Nos. U.S. Copyright Reg. Nos. VA 1-949-003 and VAu 1-283-704, by reproducing, displaying, or distributing unauthorized copies of the jewelry designs in violation of 17 U.S.C. § 501 *et seq*.

26. By its acts complained of herein, Defendants have infringed the copyrights in the Meira T Works in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. § 101, *et seq*.

27. Defendants' conduct was willful within the meaning of the Copyright Act.

28. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement. Defendants either directly or indirectly, copied Plaintiff's jewelry designs for their own commercial gain to the unjust exclusion of Plaintiff.

29. Plaintiff has been damaged by Defendants' conduct, including, but not limited to economic losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate Plaintiff for all the possible damages stemming from Defendants' conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendants finding as a matter of law and fact as follows:

A.     Defendants have willfully infringed Plaintiff's rights in the copyrighted designs of the Meira T Works.

B.     Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, including any and all third-party jewelry manufacturers, distributors and suppliers who receive actual notice of the Order or Judgment by any method:

> i.  be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Meira T Works design or any design substantially similar thereto;
>
> ii. be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, or creating derivative works based upon the Meira T Works design or any design substantially similar thereto; and
>
> iii. be ordered to surrender to Plaintiff all Infringing Products or other garments or materials in its possession, custody or control displaying, copying, and/or bearing design of the Meira T Works or any design substantially similar thereto.

C.     Defendants be ordered to send written notice, approved by the Court, to each licensee, manufacturer, supplier, distributor, wholesaler, retailer, or any other party who manufactured, sold, or received the Infringing Products, advising the recipient that pursuant to the judgment of this Court, Defendants have been enjoined from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Meira T Works design or authorizing any third party to copy, reproduce, use, sell, manufacture, advertise, or promote copies of the Meira T, with a copy of each such written notice to be furnished to Plaintiff:

D. Defendants destroy all Infringing Products, materials, documents, catalogues, or advertisements bearing the Meira T Works design in Defendants' possession, custody and control pursuant to 17 U.S.C. § 503.

E. Defendants remove all webpages, web links, photographs or advertisements bearing the Meira T Works design from any website that it controls.

F. Defendants be required to pay all profits realized by Defendants as a result of its unlawful infringing acts as complained of herein pursuant to 17 U.S.C. § 504.

G. Defendants be required to compensate Plaintiff for all actual damages suffered as a result of Defendants' unlawful infringing acts complained of herein pursuant to 17 U.S.C. § 504.

H. Defendants file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the judgment, a report under oath setting forth in detail the manner in which Defendants have complied with such judgment.

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed.R.Civ.P. 38, demands trial by jury on all issues triable to a jury.

Dated: February 27, 2020
      White Plains, New York

Respectfully Submitted,

LEASON ELLIS LLP

_____
Cameron S. Reuber
Lauren B. Emerson
One Barker Avenue, Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email: Reuber@leasonellis.com
Email: Emerson@leasonellis.com

*Attorneys for Plaintiff*